**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **NEDRICK HARDY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 3:15-cv-00437-JPG** |
| ) | |
| **ILLINOIS DEPARTMENT** ) | |
| **OF CORRECTIONS,** ) | |
| **GOVERNOR PAT QUINN,** ) | |
| **SALVADOR GODINEZ,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **KIMBERLY BUTLER,** ) | |
| **DOCTOR TROST,** ) | |
| **DOCTOR BAIG,** ) | |
| **AMY LANE,** ) | |
| **INTERNAL AFFAIRS UNIT,** ) | |
| **JOHN DOE #1,** ) | |
| **JOHN DOE #2,** ) | |
| **BETSY SPILLER, and** ) | |
| **COUNSELOR PRICE,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM AND ORDER**</u>

**GILBERT, District Judge:**

Plaintiff Nedrick Hardy, Sr., is currently incarcerated at the Menard Correctional Center in Menard, Illinois.  (Doc. 8 at 1, 5-8.)  Proceeding *pro se*, Hardy has filed a complaint pursuant to 42 U.S.C. § 1983 against a number of employees at Menard, as well as several state officials throughout Illinois.  (*Id.* at 1.)  Hardy raises a litany of claims regarding his time at Menard, including claims concerning his conditions of confinement, searches of his cell, his medical and dental care, and his access to courts.  (*Id.* at 9.)  Hardy seeks monetary damages and injunctive relief, and he has also filed a motion for class certification.  (Doc. 1-1 at 35.)

Before a prisoner's complaint can be served on the defendants named in his suit and the case can proceed, 28 U.S.C. § 1915A requires district courts to review a prisoner's complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."  Here, the form of Hardy's complaint makes review of it unworkable, as the complaint flouts Rule 10.

Federal Rule of Civil Procedure 10 requires that "each claim founded on a separate transaction or occurrence" be "stated in a separate count" if doing so "would promote clarity." FED. R. CIV. P. 10(b).  This rule is designed to give each defendant notice of the claims levied against him, as well as encourage basic organization, coherence, and intelligibility in complaints. *See Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011) (purpose of Rule 10 is to give "defendants fair notice of the claims against them and the grounds supporting those claims," as well as encourage "basic coherence" and "organization" in pleadings); *see also* 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1376 (3d ed. 1998) ("Rule 10(b) is designed to improve the intelligibility of pleadings.").  Given these goals, Rule 10 is stretched to its limit when a plaintiff sues numerous defendants and asserts different claims, but does not "specify which individual defendants were alleged to be liable on each claim."  *Stanard*, 658 F.3d at 794.  In the end, when faced with a confusing complaint, the court has the authority to "require that allegations be grouped into logical counts that are 'founded on' separate transactions or occurrences."  *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

Here, Hardy brings the kind of unclear complaint that could benefit from the "separate count[s]" envisioned by Rule 10.  To be sure, Hardy has filed a 65-page, 165-paragraph, single-spaced missive concerning every claim he has related to Menard.  Many of Hardy's claims are

founded on separate transactions or occurrences: his claims run the gamut from the general conditions in the prison cells at Menard to his medical and dental care at the prison, and from improper searches of cells to Hardy's access to courts. (Doc. 1 at 9-35; Doc 1-1 at 1-34.) Making matters even more unclear, Hardy often fails to specify which of the eleven defendants named in this suit are liable for each of his separate claims, let alone how those defendants were personally involved with his claims. Given all of these problems, the Court finds that clarity would be promoted by Hardy filing an amended complaint consistent with Rule 10.

In drafting his amended complaint, Hardy must present each of his claims in a separate count (labeled Count 1, Count 2, Count 3, and so on). Each count must specify which individual defendant or defendants are liable under the count, and how those defendants were personally involved in the alleged constitutional violation. Mere conclusory allegations that "all defendants" or "one or more of the defendants" are liable will not do, as those types of allegations do not allow each defendant to respond. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) ("formulaic recitations" that all defendants are liable "does not put the defendants on notice of what exactly they might have done to violate [the prisoner's] rights"). In addition, Plaintiff should avoid using legalese, conclusory statements of law, and non-specific, vague allegations of fact. Rather, Hardy should follow the instructions on the Court's civil rights complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated. In doing so, he should concisely state the facts that support each count, who he alleges is liable for each count, and how that defendant was personally involved in that count.

## Disposition

**IT IS HEREBY ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his First Amended Complaint within 35 days of the entry of this order

(**on or before June 11, 2015**).  He should label the form First Amended Complaint, and he should use the case number for this action.  The amended complaint shall split each of Plaintiff's claims into separate counts, labeled Count 1, Count 2, Count 3, and so on.  For each count, Plaintiff must identify the defendants who he alleges are liable for that count, and must allege facts showing how each defendant was personally involved in the alleged unconstitutional actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to a complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).  No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for Certification of the Class (Doc. 1) is held in **ABEYANCE** pending receipt of a First Amended Complaint.

**IT IS FURTHER ORDERED** that screening of Hardy's complaint pursuant to 28 U.S.C. § 1915A is held in **ABEYANCE** pending receipt of a First Amended Complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 6, 2015**

<u>*s/J. Phil Gilbert*</u>
**United States District Judge**