IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEDRICK HARDY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00437-JPG |
| ) | |
| **ILLINOIS DEPARTMENT** ) | |
| **OF CORRECTIONS,** ) | |
| **GOVERNOR PAT QUINN,** ) | |
| **SALVADOR GODINEZ,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **KIMBERLY BUTLER,** ) | |
| **DOCTOR TROST,** ) | |
| **DOCTOR BAIG,** ) | |
| **AMY LANE,** ) | |
| **INTERNAL AFFAIRS UNIT,** ) | |
| **JOHN DOE #1,** ) | |
| **JOHN DOE #2,** ) | |
| **BETSY SPILLER, and** ) | |
| **COUNSELOR PRICE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On April 20, 2015, Plaintiff Nedrick Hardy, Sr., filed a one-hundred-sixty-five paragraph-long complaint pursuant to 42 U.S.C. § 1983 against a number of state officials throughout Illinois, raising a litany of claims about what happened to him and other inmates during Hardy's tenure at Menard. (Doc. 1.) Hardy's complaint was lengthy and difficult to parse, so on May 6, 2015, the Court ordered Hardy to file an amended complaint splitting his pleading into separate counts. (Doc. 6.) For his amended complaint, the Court also told Hardy to keep his entire pleading clear, concise, and focused on his experiences at Menard: he was directed to state the "when, where, how, and by whom" *his* rights were violated, was cautioned

against using "non-specific, vague allegations of fact," and was ordered to "concisely state the facts that support" his claims. (*Id.* at 3.) On June 2, 2015, Hardy asked for more time to file his amended complaint, and the Court granted his request. (Doc. 8.) On June 30, 2015, Hardy filed his amended complaint, along with a motion to certify his case as a class action. (Docs. 9 & 10.)

Before a prisoner's complaint can be served on the defendants named in his suit and the case can proceed, 28 U.S.C. § 1915A requires district courts to review a prisoner's complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Here, the form of Hardy's amended complaint makes a review of it unworkable, as the complaint flouts Rule 8.

Federal Rule of Civil Procedure 8 compels litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement of brevity fosters two goals: it allows trial courts to speed a case to resolution and it allows a defendant to capably respond to the allegations in the complaint. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). While a minor amount of surplus material in a complaint is not enough to frustrate these goals and violate Rule 8, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations can push a complaint past Rule 8's breaking point – in other words, it can make a "complaint unintelligible" by "scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). When faced with that type of pleading, district judges have the power to dismiss the complaint and require a redo. *Id.*

Hardy's complaint does not have a minor amount of surplusage, but instead has the kind of repetition, length, and discussion of irrelevant material that violates Rule 8. Hardy seeks to

raise fourteen claims in this case, but his complaint consists of two-hundred-and-fifty paragraphs spread over ninety pages (closer to one-hundred-and-eighty pages when you take into account that Hardy's complaint is single spaced). Those ninety pages are chock full of repetitive allegations: Hardy's claim for overcrowding, for example, discusses the heat problems at the prison, and those allegations are repeated again and again for other claims in his case. Those ninety pages are also filled to the brim with irrelevant material: Hardy's repeat references to "inmates" generally and his insistence on pleading facts about what happened to every person at Menard leaves the complaint full of allegations that seemingly have nothing to do with Hardy's personal experiences at Menard. In all, Hardy's shotgun-style complaint leaves this Court with the task of "read[ing] and decipher[ing] [a] tome[] disguised [as a] pleading[]," a task that district courts "should not have" to do. *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006); *see also Garst*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Hardy might argue that the Seventh Circuit's ruling in *Kadamovas v. Stevens* swings against dismissal of his complaint, but he would be wrong. For one, *Kadamovas* reaffirmed the right of a district judge to dismiss a complaint that "is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." 706 F.3d at 844. Moreover, while *Kadamovas* recognized complaints may be bulkier if more claims are asserted, that case dealt with a twenty-eight page long complaint that asserted almost ten claims. *Id.* In evaluating that complaint, the Seventh Circuit generally observed that district judges can "require that complaints be cut down to size," but went on to hold that no trimming was necessary in that case because twenty-eight pages was not egregiously long to plead ten claims. *See id.* Here, Hardy brings fourteen claims spread over ninety single-spaced pages. He does not

need that much space to make out those claims, and numerous circuits have found that Hardy's type of verbose complaint violates Rule 8. *See*, *e.g.*, *Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, 519 F. App'x 641, 643 (11th Cir. 2013) (eighty-two page complaint that took a "shotgun" approach to asserting claims violated Rule 8); *Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (seventy-five page prisoner complaint asserting disparate claims "fail[ed] to comply with the short and plain statement" requirement); *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (seventy-five page prisoner complaint containing 246 paragraphs with "unrelated or overlapping" claims violated Rule 8); *Hoffenberg v. Bumb*, 446 F. App'x 394, 396 (3d Cir. 2011) (one-hundred page repetitive complaint was "neither short nor plain"); *Rueb v. Zavaras*, 371 F. App'x 982, 986 (10th Cir. 2010) (ninety-five page complaint that discussed claims linked to other individuals and often "failed to mention a specific time, place, or person involved with the alleged offenses" violated Rule 8); *Garst*, 328 F.3d at 378 (155-page double-spaced complaint with numerous attachments was "pestilential" and violated Rule 8).

Because Hardy's complaint violates Rule 8, his complaint must be dismissed, and he must file an amended complaint that trims his complaint down to a manageable size. To keep his complaint within the letter of Rule 8, the Court will offer Hardy three points of guidance. First, a number of Hardy's claims are fruitless as a matter of law. For example, Hardy takes issue with the prison's decision to charge co-pays to prisoners, but a co-pay practice alone does not violate any constitutional safeguards. *See Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution."). In addition, Hardy complains that supervisory staff at Wexford and Menard failed to follow several of their own internal rules, but a mere failure to follow administrative rules does not itself state a constitutional claim. *See*, *e.g.*, *Fuller v. Dillon*, 236 F.3d 876, 880

(7th Cir. 2001) ("[I]t is important to note that the failure of the prison officials to follow state administrative rules is not a denial, in and of itself, of one's due process rights."); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) ("[I]t is not sufficient for a section 1983 plaintiff to show that a supervisory official was remiss in supervising the implementation of a policy in force in an institution.") There are likely other defective claims, but the length and repetition in Hardy's complaint makes a full evaluation of his claims nearly impossible. The Court only mentions these defects to guide Hardy in trimming down some of the fat in his complaint.

Second, for reasons the Court cannot fathom, Hardy seems to have bent over backwards to try to yoke high-level officials and departments into his complaint, rather than focus on the individuals who were directly involved in his claims at Menard. He should consider leaving some of these defendants out of his next complaint. For instance, the Illinois Department of Corrections is not a proper defendant in a Section 1983 suit, so naming it – and including allegations against it – is futile and merely adds bulk to his pleading. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 444 (7th Cir. 2009). Former Governor Quinn, too, is not a proper defendant – the Seventh Circuit has held that high-level officials like governors have no place in a prisoner suit when they had no real involvement in the case beyond knowledge from media sources or letters from prisoners about the underlying claim. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (rejecting view that "everyone who knows about a prisoner's problem must pay damages," as that view would encompass liability when a prisoner wrote "letters to the Governor of Wisconsin and 999 other public officials"). That is all Hardy alleges in this case for Quinn, so leaving him out would speed his rewrite along. There may be others – Butler and Godinez's link to some of his claims seems tenuous at best – but again a full airing is impossible given the length and character of Hardy's complaint. It is enough to say that Hardy would file a far less

confusing complaint if he would plead, in a straightforward fashion, who was personally involved in his medical care issues, who was personally involved in his failure to protect issues, who was personally involved in his conditions of confinement, and so on. Trying to rope in high-level officials to all of his claims through vague and conclusory allegations gets him nowhere. *See Patton v. Przybyiski*, 822 F.2d 697, 701 (7th Cir. 1987) ("[T]he courts insist that plaintiffs who want to bring a head of department into a federal civil rights case [must] plead his involvement with greater specificity than [boilerplate allegations of personal involvement].").

Finally, Hardy has spilled a great deal of ink by drafting a sweeping missive about the experiences of every inmate at Menard, routinely alleging violations of rights that happened to "inmates" at Menard generally. This type of pleading has filled Hardy's complaint with largely irrelevant material that seemingly has nothing to do with the injuries or events that Hardy has experienced. To be sure, Hardy wants to file this case as a class complaint, and if he can satisfy all of the requirements for class certification the case may well be certified. But class complaints do not need to include specific and lengthy allegations about the experiences of every member of the class. At least at this stage of the case, it is enough for Hardy to plead what happened to him that violated the United States Constitution and who did it. If other inmates experienced a similar deprivation, he can simply allege that similarly-situated inmates were also harmed.[1]

As he drafts his amended complaint, Hardy should also be mindful of Federal Rule of Civil Procedure 20. Rule 20 allows a plaintiff to join as many defendants as he wants in one action so long as "any right to relief is asserted against them jointly, severally, or in the

---

[1] An example might be helpful. Hardy says that one of his claims concerns the denial of medical care at the prison. For that claim, Hardy only needs to lay out – in chronological order – the facts that show how a particular defendant was deliberately indifferent to Hardy's own medical needs. If he focuses on a simple chronological account of what happened to him and who did it, his complaint will be far easier to understand, far less duplicative, and far less confusing. And with those defects fixed, the Court can evaluate his complaint and the defendants can respond.

alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences" *and* "any question of law or fact common to all defendant will arise in the action." FED. R. CIV. P. 20(a)(2). What a prisoner cannot do under Rule 20 is join unrelated claims against separate groups of defendants in one suit — a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This barrier against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases, and also ensures that prisoners pay necessary filing fees and incur strikes as envisioned by the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, Hardy brings claims linked to conditions at the prison, failure to protect by officers, and medical care (among others). To the extent some of Hardy's claims are directed at discrete groups of defendants, he should restrict his amended complaint to claims against one group of defendants, and raise unrelated claims against other groups in another suit. If he violates Rule 20 in his amended complaint, defendants may be dismissed as misjoined or claims may be severed *sua sponte*.

One closing note is in order concerning the motions that Hardy recently filed with the Court. Hardy has filed three motions for preliminary injunctions as of late, asking the Court to issue orders to compel prison officials to provide better toothbrushes and dental care, to provide fans and improve the ventilation and heat issues at the prison, to provide adequate medical care, to provide protection to unspecified inmates from officers at the prison, to provide access to exercise, and to provide access to the courts. At this time, Hardy does not have a viable complaint, so the entry of a preliminary injunction would be improper. *E.g.*, *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Once more, the entry of a preliminary injunction requires a

probability of success on the merits of an action, a probability that Hardy lacks (at least at this time) because his complaint is being dismissed. *St. Hilaire v. Arizona Dep't of Corr.*, 936 F.2d 579 (9th Cir. 1991). Since Hardy is being given another opportunity to file an amended complaint for this case, the Court will hold his preliminary motions in abeyance rather than dismiss them outright. Once the Court receives Hardy's amended complaint, the complaint (and any attendant motions) will be reviewed pursuant to 28 U.S.C. § 1915A.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's amended complaint (Doc. 10) is **DISMISSED without prejudice** for failure to abide by Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his Second Amended Complaint within 35 days of the entry of this order (on or before September 2, 2015). He should label the form Second Amended Complaint, and he should use the case number for this action. The amended complaint shall split each of Plaintiff's claims into separate counts, labeled Count 1, Count 2, and so on. For example, Count 1 could address all of the conditions that Hardy has been exposed to at Menard that he finds objectionable (overcrowding, heat, ventilation, access to necessities, inadequate shelter, denial of exercise, etc.); Count 2 could address indifference to Hardy's medical needs; Count 3 could address access to courts; Count 4 could address any failure to protect; Count 5 could address discriminatory treatment among cell houses; and so on. For each count, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved. Plaintiff should avoid repetitive factual allegations and keep his allegations clear and concise. He should also avoid lengthy introductions to each of his claims which put forth material relevant to inmates generally at Menard, and instead focus on

what happened to him at Menard. To the extent Plaintiff wishes to make class allegations, he can indicate that his own deprivations extend to other similarly-situated inmates.

An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion to certify class (Doc. 9) and motions for preliminary injunctive relief (Docs. 12-14) are held in **ABEYANCE** pending receipt of Plaintiff's Second Amended Complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 29, 2015**

                <u>*s/J. Phil Gilbert*</u>
                **J. Phil Gilbert**
                **United States District Judge**